# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: AMERICAN HOME REALTY
NETWORK, INC., MULTIPLE LISTING SERVICE
COPYRIGHT INFRINGEMENT LITIGATION                    MDL No. 2431

## ORDER DENYING TRANSFER

**Before the Panel**:[*]   Pursuant to 28 U.S.C. § 1407, defendant American Home Realty Network, Inc., moves for centralization of this litigation in the Northern District of California.  This litigation currently consists of two actions pending in two districts, as listed on Schedule A.[1]  The responding parties oppose centralization.[2]  In the alternative, plaintiff in the District of Maryland action suggests selection of that district as the transferee court, and plaintiff in the District of Minnesota action suggests selection of the District of Minnesota as the transferee court.

Defendant contends that centralization under Section 1407 is warranted because common factual and legal issues are raised by plaintiffs' infringement claims, which focus on defendant's alleged copying of real estate data from two databases onto the same website.  Defendant further contends that its counterclaims in both actions allege a common nationwide antitrust conspiracy. The responding parties oppose centralization, arguing that voluntary coordination by the parties is more appropriate in light of the low number of actions, factual differences in the actions, and the procedural posture of two preliminary injunctions against defendant.

On the basis of the papers filed and the hearing session held, we will deny defendant's motion. The Panel is not persuaded, on the record before us, that Section 1407 centralization is necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation at this time.  The actions clearly involve common factual issues concerning how defendant operates the website at issue and allegedly copies and displays real estate data from plaintiffs' databases.  However, there are only two actions pending in two districts, and the record indicates that efforts to coordinate discovery voluntarily are likely to be successful.  In these circumstances, informal cooperation among counsel and coordination among the involved courts are,

---

[*]  Judge John G. Heyburn II took no part in the decision of this matter.

[1]  Following the hearing session, the Panel was notified that one additional related action is pending against defendant in the Middle District of North Carolina.

[2]  The responding parties are plaintiff Metropolitan Regional Information Systems, Inc., plaintiff Regional Multiple Listing Service of Minnesota, Inc., and counterclaim defendant National Association of Realtors.

-2-

in our judgment, preferable to formal centralization.  Notices of deposition can be filed in all related actions; the parties can stipulate that, where appropriate, discovery taken in one action can be used in both actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re: Crest Sensitivity Treatment & Protection Toothpaste Mktg. and Sales Practices Litig.*, 867 F. Supp. 2d 1348 (J.P.M.L. 2012).

We are aware of defendant's concern that multiple related actions involving duplicative discovery may be filed, in light of a series of letters to defendant alleging that the same website gives rise to similar copyright infringement claims involving other real estate databases.  Indeed, the week after the hearing session on this matter, defendant notified the Panel that one such related action was filed on March 4, 2013.  In the event that additional related actions are filed, or voluntary coordination is unsuccessful, the parties may file another Section 1407 motion, and the Panel may revisit the question of centralization at that time.  *See In re: Glaceau VitaminWater Mktg. & Sales Practices Litig. (No. II)*, 764 F. Supp. 2d 1349, 1350 (J.P.M.L. 2011) (centralizing litigation, in which prior motion to centralize had been denied, because filing of additional related actions undermined parties' prior agreement to voluntarily consolidate their actions).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.        Paul J. Barbadoro
Marjorie O. Rendell           Charles R. Breyer
Lewis A. Kaplan

**IN RE: AMERICAN HOME REALTY
NETWORK, INC., MULTIPLE LISTING SERVICE
COPYRIGHT INFRINGEMENT LITIGATION**                    MDL No. 2431

## SCHEDULE A

### District of Maryland

Metropolitan Regional Information Systems, Inc. v. American Home Realty Network,
Inc.,et al., C.A. No. 8:12-00954

### District of Minnesota

Regional Multiple Listing Service of Minnesota, Inc. v. American Home Realty Network,
Inc., C.A. No. 0:12-00965